UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY O'QUINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-1734 CAS |
| | ) | |
| SCOTT WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis and initial review of the complaint. Based on plaintiff's financial information, the Court finds that he should be permitted to proceed without prepayment of the statutory filing fee. Additionally, after reviewing the complaint, the Court finds that the case should be dismissed for improper venue.

**The Complaint**

Plaintiff, an Illinois resident, brings this action under 42 U.S.C. § 1983. Named as defendants are Scott Williams (Collinsville, Illinois, Police Chief), John Miller (Mayor of Collinsville), Thomas Gibbons (Madison County, Illinois, Prosecutor), John Rekowski (Madison County Public Defender), Allen Dunstin (Madison County Board Chairman), and Ann Callis (Chief Judge of the Madison County Circuit Court).

Plaintiff alleges that he was wrongly arrested and physically abused by an unnamed police officer. Plaintiff says he was held in jail for four days, during which he was denied his regular medications. Plaintiff does not allege facts demonstrating that the named defendants were directly involved in the alleged violations of plaintiff's rights. He appears to be alleging that they are responsible because they are in positions of authority in Collinsville and Madison County.

**Standard**

Title 28 U.S.C. § 1406(a) states, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Additionally, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**Discussion**

The proper venue in this case is the Southern District of Illinois.  See 28 U.S.C. § 1391(b).  The question in this action is whether it should be dismissed for improper venue or whether the interests of justice require that the case be transferred to the United States District Court for the Southern District of Illinois.

The interests of justice do not require that the case be transferred because the allegations in the complaint are frivolous and malicious.  See Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978) (official capacity suits must allege policy or custom of governmental entity); Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires direct

involvement by named defendants); Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutorial immunity); Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defenders do not act under "color of law").  It is apparent from the allegations that plaintiff's intent is to harass governmental officials rather than pursuing a cognizable right.  As a result, the Court will dismiss this action for improper venue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.  [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion for service of process is **DENIED** as moot.  [Doc. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** under 28 U.S.C. § 1406(a).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   16th    day of October, 2012.